Raymond T. GRIMES, Plaintiff—Appellant,

v.

Larry SMALL, Warden; R. Houston, Associate Warden; John Doe, Senior Librarian; Maria Davidowsky, Librarian, Defendants—Appellees.

No. 00–55086.

D.C. No. CV–99–00310–LAB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 15, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM *

Raymond Grimes ("Grimes") brought this action under 42 U.S.C. § 1983, alleging that certain officials at Calipatria State Prison violated his right of access to the courts. In particular, Grimes alleged that he was denied access to the prison law library on seven days during the twenty-day period in which he needed to prepare objections to a magistrate's Report and Recommendation ("R & R") proposing dismissal of his petition for habeas corpus. The district court dismissed Grimes's complaint for failure to allege a constitutional violation or an actual injury. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

## DISCUSSION

This Court reviews de novo an order granting a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir.1998). Even if Grimes's right of access to the courts extends to preparing objections to a magistrate's R & R, Grimes does not allege an actual injury sufficient to state a claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Because the Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), did not create an "abstract, freestanding right to a law library or legal assistance," Grimes cannot establish a constitutional injury simply by alleging that the prison law library or legal assistance program was infirm in some theoretical sense. *Lewis*, 518 U.S. at 350–51, 116 S.Ct. 2174. Rather, he must demonstrate that the alleged shortcomings of the law library resulted in an actual injury with respect to existing or contemplated litigation, such as the inability to present a claim or to meet a filing deadline. *See id.* at 348, 116 S.Ct. 2174.

At oral argument, Grimes's counsel clarified that, although Grimes was denied library access for seven days, he had access for the remaining thirteen days in which he could respond to the R & R. During these thirteen days, the record reflects Grimes did gain access on at least two occasions. Most significantly, however, Grimes ultimately submitted timely objections to the magistrate's R & R. These objections were received and considered by the magistrate prior to dismissing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Grimes's habeas petition. In the end, Grimes was able to present his objections to the court, and he missed no filing deadlines because of his lack of library access.

Further, Grimes alleged no specific objections which suffered as a result of his lack of library access. His vague and unsubstantiated allegations that his "ability to pursue this matter was impaired" and that his objections to the R & R would have been somehow better if his library access was not curtailed simply do not amount to a constitutionally cognizable injury. Accordingly, we affirm the district court's dismissal of Grimes's complaint.

AFFIRMED.